Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **FIDENCIA AMPARO BONILLA SANCHEZ**<br><br>Apelante<br><br>v.<br><br>**ORIA F. ORTA Y OTROS**<br><br>Apelado | KLAN202400505 | ***APELACIÓN***<br>procedente del Tribunal de Primera Instancia Sala Superior de **San Juan**<br><br>Caso Número:<br>**SJ2023CV05802**<br><br>Sobre:<br>**Incumplimiento de Contrato** |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante nos, Fidencia Bonilla Sánchez, en adelante, Bonilla Sánchez o apelante, solicitando que revoquemos la *"Sentencia"* notificada por el Tribunal de Primera Instancia, Sala de San Juan, en adelante, TPI-SJ, el 27 de marzo de 2024. En su dictamen, el Foro Apelado *desestimó la demanda de epígrafe sin perjuicio.*

Por los fundamentos que expondremos a continuación, *modificamos y confirmamos* la sentencia apelada.

**I.**

Bonilla Sánchez alquiló un apartamiento perteneciente a los apelados José García y Oria Orta, ubicado en el Municipio de San Juan, en el año 2015.[1] Estando la apelante residiendo y presente en el referido inmueble, el apartamento se incendió el día 4 de junio de

---

[1] Apéndice del recurso, pág. 2.

Número Identificador

SEN2024 _____

2022.[2] Según alega la apelante, esta estuvo hospitalizada hasta el 11 de junio de 2022 por el deterioro en su estado emocional.[3] Bonilla Sánchez alega que el 22 de junio de 2022 intentó comunicarse infructuosamente con la apelada.[4]

Por estos hechos, el 16 de junio de 2023, Bonilla Sánchez presentó una *"Demanda"* contra José García, Oria Orta, la Sociedad Legal de Gananciales compuesta por ambos y la aseguradora Multinational Insurance Company, en adelante, Multinational.[5] En su petitorio, solicitó la cantidad de $100,000.00 por concepto de daños y perjuicios sufridos en el incendio. El mismo día que se radicó la demanda, la apelante solicitó al TPI-SJ que expidiera los emplazamientos digitalmente a las partes.[6] El 20 de junio de 2023 el Foro Apelado ordenó la expedición de estos.[7]

Ahora bien, el 19 de julio de 2023, la representación legal de Oria Orta y Mutinational presentó una moción para asumir la misma, e informó que José García falleció en el año 2021.[8] En respuesta, la apelante presentó una *"Moción de Sustitución de Parte"* ante el TPI-SJ el *20 de septiembre de 2023*.[9] En la misma, solicitó que el Foro Primario ordenara a la apelada producir el testamento o la declaratoria de herederos de José García, o en su defecto, notifique quienes componen la sucesión de este último.

A esos efectos, el TPI-SJ notificó el 21 de septiembre de 2023 que declaraba la precitada moción "Ha Lugar".[10] Además, señaló que "la parte demandante podrá utilizar los procedimientos de descubrimiento de prueba para identificar los miembros de la

---

[2] Apéndice del recurso, pág. 2.
[3] *Id*, pág. 3.
[4] *Id*. pág. 4.
[5] *Id*. pág. 1.
[6] *Id*. pág. 9.
[7] *Id*. pág. 32.
[8] *Id*. pág. 36.
[9] *Id*. pág. 38.
[10] *Id*. pág. 43.

sucesión del Sr. José F. García o en su defecto emplazarlos conforme la Regla 4.6 de Procedimiento Civil".[11]

Luego de algunos eventos procesales, el *26 de febrero de 2024*, Oria Orta presentó una *"Moción de Desestimación por Falta de Jurisdicción"*.[12] Arguyó que la misma procedía, ya que la parte no cumplió con el oportuno diligenciamiento del emplazamiento a una parte indispensable en el pleito. Bonilla Sánchez presentó una moción el 8 de marzo de 2024, en la que solicitó una prórroga para oponerse a la Moción de Desestimación.[13] La misma fue concedida el 11 de marzo de 2024.[14] Por su parte, Oria Orta presentó escrito al próximo día, reiterando la solicitud de desestimación y solicitando que el TPI-SJ se retractara en la prórroga concedida, por entender que defectos de naturaleza jurisdiccional son insubsanables.[15] Sin embargo, el Foro Apelado, ese mismo día, 12 de marzo de 2024, declaró la misma "No Ha Lugar", disponiendo que en el ejercicio de su discreción, y en aras de garantizar el debido proceso de ley, debía permitirle a la otra parte expresarse.[16]

Finalmente, el 26 de marzo de 2024, Bonilla Sánchez presentó su *"Oposición a Moción de Desestimación por Falta de Jurisdicción de las Partes Demandadas de Epígrafe"*.[17] El mismo día, añadió una *"Moción al Expediente Judicial Solicitando se Expidan Emplazamientos en Formato Digital"*, junto con los proyectos para ello.[18]

Así las cosas, el 27 de marzo de 2024, el TPI-SJ emitió su *"Sentencia"*.[19] En la misma determinó que *carecía de jurisdicción* sobre la Sucesión de García Pérez al no tener discreción para

---

[11] Apéndice del recurso, pág. 43.
[12] *Id.* pág. 46.
[13] *Id.* pág. 52.
[14] *Id.* pág. 54.
[15] *Id.* pág. 55.
[16] *Id.* pág. 57.
[17] *Id.* pág. 58.
[18] *Id.* pág. 67.
[19] *Id.* pág. 74.

prorrogar los términos de emplazamiento. Por todo lo cual, desestimó sin perjuicio la demanda que nos ocupa. No obstante, el 11 de mayo de 2024, Bonilla Sánchez presentó una *"Moción de Reconsideración"*,[20] que fue declarada "No Ha Lugar" el 23 de abril de 2024.[21]

Inconforme, el 23 de mayo de 2024, la apelante presentó un recurso de *"Apelación"* ante esta Curia, en la que señaló los siguientes errores:

> **PRIMER ERROR:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR SENTENCIA DESESTIMANDO EL CASO DE EPÍGRAFE POR FALTA DE JURISDICCIÓN ADUCIENDO LA FALTA DE DILIGENCIAMIENTO DE EMPLAZAMIENTOS A PARTES INDISPENSABLES DE ESTE CASO, PERO OMITE LOS HECHOS QUE DELATAN QUE EL FORO DE INSTANCIA PERMITIÓ EXPRESAMENTE A LA PARTE APELANTE VALERSE DE LOS MECANISMOS DEL DESCUBIMIENTO DE PRUEBA, LO CUAL HIZO, PARA ADVENIR EN CONOCIMIENTO DE LAS PARTES INDISPENSABLES QUE FALTAN POR EMPLAZAR Y QUE EL DESCUBRIMIENTO DE PRUEBA EN ESTE CASO NO CULMINÓ Y QUE, AUN TOMANDO COMO CIERTA LA FECHA EN QUE LA PARTE APELADA INFORMÓ A LA PARTE APELANTE LA INFORMACIÓN DE DICHAS PARTES INDISPENSABLES, NO HABÍA CULMINADO LA FECHA PARA DILIGENCIAR LOS EMPLAZAMIENTOS A DICHAS PARTES INDISPENSABLES.
>
> **SEGUNDO ERROR:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA EN SU RESOLUCIÓN DENEGANDO LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE APELANTE, AL ASEVERAR QUE DICHA MOCIÓN NO DEBE SERVIR COMO INSTRUMENTO PARA REPETIR ARGUMENTOS PREVIOS NI PRESENTAR NUEVOS ARGUMENTOS QUE PUDIERON HABERSE TRAIDO ANTES, CUANDO LA PARTE APELANTE TUVO QUE REITERAR LA MISMA ARGUMENTACIÓN SUSTENTADA EN LOS HECHOS DE ESTE CASO QUE FUE IGNORADA POR EL FORO DE INSTANCIA Y QUE EL NUEVO ARGUMENTO QUE EXPONE LA PARTE APELANTE EN SU MOCIÓN DE

---

[20] Apéndice del recurso, pág. 79.
[21] *Id.* pág. 96.

RECONSIDERACIÓN NO ES SUSCEPTIBLE DE CORROBORACIÓN MEDIANTE PRUEBA PREVIA Y MÁXIME CUANDO EN ESTE CASO NO HA CONCLUIDO EL DESCUBRIMIENTO DE PRUEBA.

El 28 de mayo de 2024 emitimos una "Resolución" en la que concedimos a la parte apelada hasta el 24 de junio de 2024 para presentar su posición respecto al recurso, conforme a lo dispuesto en la Regla 22 de nuestro Reglamento, 4 LPRA XXII-B, R. 22. El 4 de junio de 2024, Oria Orta solicitó una prórroga para presentar su respuesta al recurso, la cual declaramos "Con Lugar", ordenando el cumplimiento en o antes del 12 de julio de 2024. Finalmente, el 11 de julio de 2024, la parte apelada presentó su *"Alegato en Oposición"*.

Perfeccionado el recurso de epígrafe, procedemos a resolver.

## II.

### A. Apelación

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias, sentencia, reconsideración, *apelación*) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel "que se presenta ante el foro apelativo intermedio cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Tribunal de Primera Instancia". *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019); Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R.

52.1 y R. 52.2. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de *certiorari.* Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles,* 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.,* 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007).

### B. Emplazamiento

El emplazamiento constituye el mecanismo procesal que viabiliza el ejercicio de la jurisdicción judicial dentro de nuestro sistema jurídico. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 647 (2021); *Torres Zayas v. Montano Gómez et al.,* 199 DPR 458, 467 (2017). Mediante este instrumento, el Tribunal adquiere jurisdicción sobre la persona que esté siendo demandada, quedando esta última obligada por el dictamen que finalmente se emita. *Ross Valedón v. Hosp. Dr. Susoni et al.,* 2024 TSPR 10, 213 DPR ___

(2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620-621 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). Por un lado, la finalidad del emplazamiento es notificar a la parte demandada que se ha instado una reclamación judicial en su contra y, por el otro, garantizarle su derecho a ser oído y a defenderse. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra; *Torres Zayas v. Montano Gómez et al.*, supra; *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005).

De otra parte, sirve como medio para que los tribunales adquieran jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 654 (2018).

El adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata. *Banco Popular v. S.L.G. Negrón*, supra; *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004).

Las Reglas 4.3 y Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 y 4.4, establecen los requisitos que la parte demandante debe satisfacer para diligenciar el emplazamiento personalmente, mientras que la Regla 4.6, 32 LPRA Ap. V, R. 4.6, dispone lo referente al emplazamiento por edicto.

En relación con la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, esta dispone que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.

Por otro lado, la Regla 4.3(c) establece, en cuanto al término para diligenciar el emplazamiento, lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. *Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio.* Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.
>
> *Ross Valedón v. Hosp. Dr. Susoni et al.*, supra.
> (Énfasis suplido).

En fin, al interpretar el texto claro de la Regla 4.3(c) de Procedimiento Civil, supra, es forzoso concluir que el término de ciento veinte (120) días para diligenciar los emplazamientos no admite prórrogas, salvo únicamente en aquellos casos en que la Secretaría no expida los emplazamientos el mismo día que se presenta la demanda. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021). De modo similar, el Alto Foro reiteró recientemente este principio, cuando expresó que el referido término es "improrrogable y, consecuentemente, si en ciento veinte (120) días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción". *Bernier González v. Rodríguez Becerra*, supra, pág. 649.

En el caso de *Bernier González v. Rodríguez Becerra*, supra, nuestro Tribunal Supremo realizó una exhaustiva y clara interpretación de la computación del término de los ciento veinte (120) días cuando Secretaría no expide los emplazamientos el mismo

día de la demanda. A esos efectos, expone que el tiempo que demore Secretaría en expedir los emplazamientos "será el mismo tiempo adicional que otorgarán los tribunales", por lo que entendió que "no se trata de solicitar una prórroga como tal". Id, pág. 650. Por ello, el promovente tiene la responsabilidad de presentar una moción al Tribunal solicitando la expedición de los emplazamientos. Concluye, entonces, que "una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, *no se trata en realidad de una prórroga debido a que, en ninguna de estas circunstancias, la parte contará con más de 120 días*". Id. (Énfasis suplido).

Con relación a la ausencia de discreción judicial para prorrogar el término que nos ocupa, el profesor Hernández Colón comenta lo siguiente:

> [D]ado que el incumplimiento con el diligenciamiento ya no cuenta con la drástica sanción de la desestimación con perjuicio en un primer intento, y que el texto que concedía al juez discreción para permitir la prórroga fue eliminado, el término para el diligenciamiento no puede ser prorrogado cuando Secretaría expide el mismo día en que se presenta la demanda.
>
> R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 258.

Es decir, por cuanto el primer incumplimiento con el diligenciamiento de un emplazamiento no redunda en una desestimación terminal de la causa de acción, y permite un segundo intento, no cabe hablar de prórrogas discrecionales por parte del Foro Primario.

Por otro lado, y pertinente al caso de marras, la Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, dispone un mecanismo para emplazar, en los escenarios que el promovente de una acción

desconozca los nombres de las personas demandadas. Así, dispone la precitada Regla que:

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.

Nuestra jurisprudencia ha establecido que esta herramienta de emplazar mediante nombre ficticio requiere que el demandante sepa que el desconocido sí existe, pero el desconocimiento de su identidad sea real. *Núñez González v. Jiménez Miranda*, 122 DPR 134, 141 (1988).

### C. Sustitución de parte

La sustitución de parte *por muerte* se rige por la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1. La misma dispone que cuando una parte fallece previo a la resolución de una acción, el Tribunal, a solicitud presentada dentro de los noventa (90) días siguientes a la fecha de dicha notificación del deceso, ordenará la sustitución de la parte fallecida por las partes que correspondan en derecho. "La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito". Id. Véase, además, *Blassino Alvarado v. Reyes Blassino et al.*, 2024 TSPR 93, 214 DPR ___ (2024.

Por otro lado, el Tribunal Supremo ha expresado que una sucesión, como tal, no tiene personalidad jurídica independiente de los miembros que la componen. Así, para que la sucesión pueda demandar o pueda sustituir a un demandante fallecido, es necesario que se traiga al pleito a cada uno de sus miembros. *Vilanova et al. v. Vilanova et al.*, 184 DPR 824, 839-840 (2012).

En lo concerniente al caso de marras, la precitada Regla reza de la siguiente manera:

> Los(Las) causahabientes o representantes podrán presentar la solicitud de sustitución del(de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin haberse solicitado la sustitución, se dictará sentencia desestimando el pleito, sin perjuicio.
> *Blassino Alvarado v. Reyes Blassino et al.,* supra.

Según se desprende de lo anterior y a tenor con lo dispuesto por nuestro Tribunal Supremo mediante su jurisprudencia interpretativa, el propósito de la Regla 22.1 de Procedimiento Civil, supra, es establecer un mecanismo procesal mediante el cual un pleito pueda continuar a favor o en contra de la parte realmente interesada, no empece al fallecimiento de una de las partes. *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 684-685 (1989). De este modo, se atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita, evitando el perjuicio que la dilación pudiera ocasionar a las partes. Regla 1 de las de Procedimiento Civil, supra.

Además, nuestro más Alto Foro ha puntualizado que la parte sustituta en un pleito ocupa la misma posición en relación a la causa de acción que ocupaba la parte sustituida. *Vilanova v. Vilanova,* supra, págs. 838-839; *Lluch v. España Service Station,* 117 DPR 729,750 (1986). De esta manera, la causa de acción con relación a la cosa litigiosa permanece inalterada. *Vilanova v. Vilanova,* supra, pág. 895; *Carrasco v. Auffant,* 77 DPR 156, 160-161 (1954).

La moción sobre sustitución de parte deberá notificarse a las partes ya incluidas en el pleito en la forma dispuesta en la Regla 67 de las de Procedimiento Civil, supra. Sin embargo, para sustituir a

una parte por otra que no está en el pleito, será necesario adquirir jurisdicción *in personam* sobre el sustituto. En este caso habrá que emplazarle y notificarle de la solicitud de sustitución de partes de acuerdo con lo dispuesto en la Regla 4 de Procedimiento Civil, supra, sobre emplazamiento. Claro está, si la nueva parte comparece voluntariamente y realiza algún acto sustancial que la constituya en parte en el pleito, se somete a la jurisdicción del tribunal y esto hace innecesario el trámite de notificación y emplazamiento de la Regla 4, supra. *Vázquez v. López*, 160 DPR 714, 720-721 (2003); *Claudio v. Casillas Mojica*, 100 DPR 761, 773 (1972).

### D. Parte Indispensable

La Regla 16 de Procedimiento Civil, supra, regula lo relacionado a la acumulación de partes. En específico, dispone que "[l]as personas que tengan un interés común ***sin cuya presencia no pueda adjudicarse la controversia***, se harán partes y se acumularán como demandantes o demandadas, según corresponda". (Énfasis suplido). *Pérez Ríos et al. v. CPE*, 2023 TSPR 213 DPR ___ (2023).

Una parte es indispensable cuando la controversia no puede adjudicarse sin su presencia ***ya que sus derechos se verían afectados***. *FCPR v. ELA et al.*, 211 DPR 521, 530-531 (2023); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 463 (2019); *López García v. López García*, 200 DPR 50, 63 (2018). La misma alude a una parte cuyo interés en la causa de acción es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *López García v. López García*, 200 DPR 50, 64 (2018); *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014); *García Colón v. Sucn. González*, 178 DPR 527, 548 (2010).

El alcance de la Regla 16.1 forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley y la necesidad de que el dictamen judicial que en su día se emita sea uno completo. *Pérez Ríos et al. v. CPE,* supra; *RPR & BJJ Ex Parte,* 207 DPR 389, 407 (2021); *López García v. López García,* supra, pág. 63. Es por esto que, ante la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia. *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005).

Por otro lado, el Tribunal Supremo de Puerto Rico ha expresado que, a la hora de determinar si la presencia de una parte es indispensable para adjudicar una controversia, se debe analizar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677 (2012). Cabe precisar que la falta de parte indispensable es un planteamiento tan vital, que se puede presentar en cualquier momento, que incluye presentarlo por primera vez en apelación; el tribunal también puede plantearlo *motu proprio. RPR & BJJ Ex Parte,* supra, pág. 407.

Finalmente, por tratarse de un caso sobre daños y perjuicios, resulta menester a la controversia que nos ocupa, apuntalar la distinción entre los pleitos contractuales y extracontractuales. A pesar de que el análisis de parte indispensable en el pleito se ve desde un enfoque pragmático que depende de las circunstancias particulares de cada caso, en el contexto de causas de acción amparadas en reclamos por daños y perjuicios, en los que medien aseguradoras, nuestro ordenamiento jurídico permite que las mismas se traigan con o sin los asegurados. El caso de *Drahus v. Nationwide Insurance Co.,* 104 DPR 60, 63 (1975), resolvió que, por no existir "armonía familiar" que proteger, una parte demandante,

dentro de un reclamo extracontractual, puede ir contra la aseguradora.

**III.**

Bonilla Sánchez recurre ante nos solicitando que revisemos la *"Sentencia"* del TPI-SJ, en la cual desestimó sin perjuicio su demanda en daños y perjuicios contra los apelados y Multinational. Arguye que, luego del fallecimiento de José García, el Foro Primario le permitió valerse del descubrimiento de prueba para emplazar la sucesión de este. Concluye, por lo tanto, que el término de ciento veinte (120) días para emplazar comenzó a cursar tan pronto advino en conocimiento de la identidad de la sucesión aludida. *No le asiste razón.*

Como reseñáramos previamente, una parte indispensable en un pleito debe ser emplazada dentro del término dispuesto para ello, de manera que el Tribunal pueda adquirir jurisdicción sobre ella. Las partes admiten que la sucesión del apelado es parte indispensable en el pleito de epígrafe. Por ello, procedía que la misma sustituyera al causante en la demanda, para que la misma pudiese ventilarse en sus méritos.

Según el derecho esbozado, si la sucesión no se somete voluntariamente a la jurisdicción del Foro Primario, recae en la parte promovente movilizar la sustitución de parte, conforme a la Regla 22.1 de Procedimiento Civil, supra, y luego procede con el emplazamiento conforme a la Regla 4 de Procedimiento Civil, supra. Sin embargo, pretende la apelante argüir que el término de emplazamiento quedó suspendido, y en consecuencia, condicionado al resultado del descubrimiento de prueba. Nos plantea la apelante que, por haberle permitido el TPI-SJ utilizar este mecanismo para identificar las personas que conforman la sucesión del apelado, los

términos quedaron indefinidamente pausados. Esto no encuentra razón ni sustento en derecho.

Es harto conocido que el término de ciento veinte (120) días para emplazar es improrrogable, por lo que el Foro Primario no tiene discreción para pausarlo. Como expresáramos previamente, lo resuelto en *Bernier González v. Rodríguez Becerra,* supra, no reconoce una excepción. Mas bien, atiende el evento en el cual Secretaría no emite los emplazamientos el día de radicada la demanda. Así, la responsabilidad de cumplir con los términos de emplazamiento recae sobre el demandante, en este caso, sobre Bonilla Sánchez.

La apelante no puede utilizar lo resuelto en ese caso, que, como cuestión de hechos, en nada compara con el caso de marras, como subterfugio para reconocer una pausa a los términos de emplazamiento que el ordenamiento jurídico no reconoce en ninguna circunstancia. La diligencia en los emplazamientos responde al debido proceso de ley, por lo que su cumplimiento debe ser celado y protegido por nuestros Tribunales.

Justipreciamos que los ciento veinte (120) días que revisten la controversia comenzaron a cursar cuando el Foro Apelado declaró con lugar la sustitución de parte. Era responsabilidad de la apelante emplazar en tiempo a la sucesión del apelado. Por ello, *sostenemos la desestimación a favor de los apelados.*

Por otro lado, entendemos que la desestimación de la demanda contra Multinational no procedía. Como vimos, nuestro ordenamiento jurídico reconoce la facultad de un demandante, en materia extracontractual, para demandar, no solo a un asegurado, sino a su aseguradora. Tan es así, que pudiera un promovente ir únicamente en contra de este último.

Considerando que Multinational fue debidamente emplazado, y compareció al pleito conforme a derecho, entendemos que *la desestimación a su favor no procedía.*

## IV.

Por los fundamentos antes expuestos, *modificamos la "Sentencia" apelada, y así modificada, la confirmamos.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez emite un voto conforme y disidente por escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **FIDENCIA AMPARO BONILLA SÁNCHEZ**<br><br>Apelante<br><br>v.<br><br>**ORIA F. ORTA Y OTROS**<br><br>Apelado | KLAN202400505 | **APELACIÓN** procedente del Tribunal de Primera Instancia Sala Superior de **San Juan**<br><br>Caso Número:<br>**SJ2023CV05802**<br><br>Sobre:<br>**Incumplimiento de Contrato** |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

## VOTO CONFORME Y DISIDENTE
## DE LA JUEZA GRANA MARTÍNEZ

Estoy conforme con la opinión mayoritaria en relación con la negativa a desestimar la reclamación en contra de la compañía aseguradora. No obstante, disiento en cuanto a la desestimación del recurso por falta de emplazamiento a los miembros de la sucesión. Primeramente, la opinión mayoritaria concluye que lo resuelto por el Tribunal Supremo de Puerto Rico en *Bernier González v. Rodríguez Becerra* no admite excepción. Basándose en tal conclusión, ultima que al término para lograr la sustitución de parte dispuesto en la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, le aplica el término jurisdiccional de 120 días para emplazar de la Regla 4.4 de Procedimiento Civil, *supra*. Y que dicho término comienza a transcurrir desde que la parte se entera del fallecimiento, independientemente de cuánto tiempo le tome conocer quiénes son los sustitutos. Por último, avala mediante su sentencia, la extrema sanción de desestimación.

No hay duda alguna que, en *Bernier González v. Rodríguez Becerra*, se estableció que el término establecido por la Regla 4.3(c) de Procedimiento Civil de 2009, 32 LPRA Ap. V, de 120 días para



diligenciar los emplazamientos es improrrogable. Ahora bien, distinto a la conclusión a la cual llegan mis compañeros, soy de la opinión que lo resuelto, sí admite excepción. De hecho, ya en la opinión concurrente de la Jueza Asociada Señora Pabón Charneco se distinguía la situación, cuando oportunamente dentro del término de 120 días, se solicitará y justificará emplazar mediante edictos. Cabe también advertir de la Opinión disidente emitida por el Juez Asociado Señor Rivera García, en la cual sostiene su resistencia a convertir el plazo de 120 días para emplazar, en uno jurisdiccional, en ausencia de intención legislativa.

Son varias las instancias en que el Tribunal Supremo de Puerto Rico (TSPR) ha identificado situaciones de hechos que justifican la extensión del término de 120 días para emplazar. En *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982 (2020), el Máximo Foro local resolvió que el término para emplazar se restablece cuando el demandante inicialmente solicita emplazar personalmente, pero luego requiere la autorización del tribunal para emplazar mediante edicto. Posteriormente, en *Primera Cooperativa v. Hernández Hernández*, 205 DPR 624 (2020), aclaró que el incumplimiento con la notificación-citación a la parte demandada en un procedimiento bajo la Regla 60, no conlleva la desestimación automática de la reclamación, sino la conversión al procedimiento ordinario. Así las cosas, en *Pérez Quiles v. Santiago Calderón*, 206 DPR 379 (2021), dejó claro que el término de 120 días para diligenciar un emplazamiento comienza a transcurrir desde que el tribunal expide el emplazamiento, que no necesariamente coincide con la presentación de la demanda; y en *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021), detalló las consecuencias de la omisión de la fecha de publicación del emplazamiento por edicto y los efectos de una enmienda a un emplazamiento por edicto dentro del término reglamentario.



Ahora bien, me remito al caso de *Martajeva v. Ferre Morris*, 201 DPR 612 (2022), por su relevancia a nuestra controversia. En este se suspendió el término jurisdiccional e improrrogable de 120 días para emplazar a una parte, una vez el foro judicial decretó la suspensión de los procedimientos con el propósito de que una parte demandante, no residente, prestara la fianza establecida en la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V. Nótese que la señora Martajeva presentó la Demanda el 27 de junio de 2018. El 2 octubre de 2018, el TPI emitió la Orden para que esta prestara la misma y, finalmente así lo hizo, el 13 de noviembre de 2018. Ciertamente un conteo de término, sin más, demuestra que el término de 120 días había transcurrido. No obstante, el TSPR, aplicando principios de hermenéutica legal resolvió que, el término de 120 días se paraliza en virtud de la Regla 69.5 de Procedimiento Civil.



La controversia que hoy atendemos requiere, de igual manera, de un ejercicio de hermenéutica legal en el cual interpretemos las disposiciones de las Reglas de Procedimiento Civil, las unas con las otras, completando o supliendo lo que falte. Este ejercicio ha de ser realizado procurando siempre dar cumplimiento al propósito de las Reglas de Procedimiento Civil, que no es otro que facilitar el acceso a los tribunales y el manejo del proceso, de forma que garantice una solución justa, rápida y económica de todo procedimiento. 32 LPRA Ap. V, R. 1. Sabido es que existe una política pública judicial inclinada a favorecer que los casos se ventilen en los méritos. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001). Por ende, al ponderar si procede imponer la sanción severa de la desestimación, los tribunales deben hacer un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 264 (2021).

culminado el descubrimiento de prueba sugerido por el foro y tampoco habían transcurrido 120 días para diligenciar los emplazamientos a los integrantes de la Sucesión de José E. García Pérez, que se identifican en dicha declaratoria.

Coincido con la parte apelante, por otros fundamentos. Me persuade el desarrollo del proceso conforme las decisiones del Primer Circuito antes citadas. El 11 de diciembre de 2023, día en que el apelante conoció la identidad de los herederos, tenía que notificar la moción informando el fallecimiento y la intención de sustituir a los herederos por el causante. Es entonces en dicha fecha que, el foro debía expedir, de considerar la sustitución apropiada, los emplazamientos para los sustitutos. A partir de dicha fecha contaría con un término de 90 días para formalizar la sustitución que, aquí no se activó, pues nunca comenzó a transcurrir. Esto porque nunca se notificó la moción de intención de sustituir a los herederos directamente a estos, simultáneamente con los emplazamientos.

Por tal razón, sostengo que no procedía la desestimación de la demanda.

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones