ANTONIO CARRASCO CARVAJAL, demandante y apelante, *v.* JUAN AUFFANT y FERNÁNDEZ & CÍA., INC., demandados y apelados.

Número 10737.

*Sometido:* 4 de marzo de 1953. *Resuelto:* 20 de septiembre de 1954.

*Celestino Iriarte, F. Fernández Cuyar* y *Héctor González Blanes,* abogados del apelante; *Miranda Esteves & Martínez Álvarez, Jr.,* abogados de la apelada Fernández & Cía. Inc.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

De acuerdo con los hechos originalmente alegados, don Juan Auffant le tenía arrendado a don Antonio Carrasco, un establecimiento y almacén con mobiliario de oficina en el número doscientos sesenta de la calle de Tetuán de la ciudad de San Juan, Puerto Rico. Allá por el mes de marzo de 1948, don Juan Auffant le cedió a la Mercantil Fernández & Compañía Incorporada dicho arrendamiento, en el entendido, según alega el demandante y apelante, que tan pronto

don Juan Auffant necesitara el local cedido, la mercantil lo desalojaría y lo pondría a disposición de don Juan Auffant. Allá por el mes de junio de 1949, don Juan Auffant entró en otras negociaciones con el aquí demandante y apelante don Antonio Carrasco, para cederle todos sus derechos y acciones sobre el contrato de arrendamiento, y al efecto notificó a la Mercantil Fernández & Compañía Incorporada, cuya mercantil, según alega el demandante y apelante, aceptó y convino, tanto con don Juan Auffant como con don Antonio Carrasco, en desalojar y dejar a la libre disposición del demandante y apelante el establecimiento y almacén. Confiando en el convenio antes referido, según continúa alegando el demandante y apelante, el día 30 de junio de 1949, don Antonio Carrasco adquirió de don Juan Auffant todos los derechos y acciones que el señor Auffant tenía en el contrato de arrendamiento, (*exhibit* 1 del demandante).

Habiéndose negado la Mercantil Fernández & Compañía Incorporada a desalojar el local, el día 25 de septiembre de 1950 don Antonio Carrasco presentó en el anterior Tribunal de Distrito de Puerto Rico, Sección de San Juan, una acción de daños y perjuicios contra don Juan Auffant y la Mercantil Fernández & Compañía Incorporada. Señalado el caso para prueba el día 1ro. de noviembre de 1951, de la propia prueba del demandante surgió el hecho, que el día 7 de junio de 1949, el demandante don Antonio Carrasco, a su vez, le había cedido a la Sociedad Suárez y Carrasco todos los derechos y acciones que había adquirido de don Juan Auffant en el contrato de arrendamiento, (t. 35, 36 y 37). El demandante solicitó permiso del tribunal para enmendar su demanda, en el sentido, que apareciera como demandante, la Sociedad Suárez y Carrasco en vez del señor Antonio Carrasco, (t. 35). El ilustrado juez sentenciador suspendió la vista del caso y le concedió permiso al demandante para presentar una demanda enmendada, (t. 37). Presentada la demanda enmendada, los demandados y apelados presentaron una moción para eliminar la demanda enmendada, la cual de-

claró con lugar el tribunal, por resolución de su ilustrado Juez señor Calderón, hijo. Solicitada sentencia de acuerdo con los términos de la resolución, apeló el demandante y apelante, señalando como errores los siguientes:

Primer error: "Erró la corte a quo al declarar que no puede enmendarse una demanda en que figura como demandante el cedente de ciertos derechos para constituir como demandante a la cesionaria de dichos derechos, aún a pesar de que la cesionaria es una sociedad de la cual es socio gestor el cedente."

Segundo error: "Erró la corte inferior al resolver que, como cuestión de orden público, debía declarar sin lugar la demanda porque los requerimientos hechos por el demandante a la corporación que ocupa el almacén y equipo de referencia fueron contrarios al espíritu de la ley de inquilinato, errando en este respecto porque nada hay en dicha ley de inquilinato que impida a una persona natural o jurídica entrar en un contrato obligándose a desalojar un local de comercio en determinada fecha o eventualidad y nada hay contrario al orden público en el hecho de que se exija responsabilidad en daños y perjuicios por violación de tal compromiso."

■■ En cuanto al primer error, la ley aplicable al caso es la Regla 25 de las Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico, relacionadas con la substitución de partes. En general la substitución de partes se autoriza en Puerto Rico en los siguientes casos: (1), cuando la parte falleciere y la reclamación no quedare por ello extinguida; (2) cuando la parte se incapacita; (3) cuando se produce cualquiera cesión de interés en la cosa litigiosa, (4) cuando fuere parte un funcionario público y el mismo falleciere, renunciare o cesare en el desempeño de su cargo.

Para substituir una parte cuando se produce cualquiera cesión de interés en la cosa litigiosa, dispone el inciso (c) de la Regla 25: "en caso de cualquier cesión de interés, podrá continuarse la acción por o contra la parte original, a menos que la corte, previa moción al efecto, disponga que el cesionario sea substituído en la acción o acumulado a la parte original." Nuestra regla local es una réplica de la Regla 25

de las Reglas Federales de Procedimiento Civil para las Cortes de Distrito de los Estados Unidos: 4 Moore's *Federal Practice* 526, (ed. de Mathew Bender & Company, (1953).

El hecho que se hubiera solicitado permiso para enmendar la demanda, y no para substituir o acumular una parte por otra, o una parte a otra, nos ha obligado a examinar la diferencia que existe entre una enmienda para traer nuevas partes a una acción y una substitución de partes, propiamente dicha. Comparando la enmienda con la substitución, dice Moore: "Es de vital importancia distinguir entre una substitución de parte de acuerdo con la Regla 25 y una enmienda para traer nuevas partes. De acuerdo con la Regla 25 una substitución de parte cubre sólo aquellos casos donde las partes realmente interesadas se han incluído, pero por razones de muerte, incompetencia, etc., de la parte originalmente incluída, otra debe ser substituída por ella. Por otro lado, la enmienda puede permitir la adición de aquellas partes que han debido ser incluídas desde el comienzo del litigio, bien como partes necesarias o indispensables, o el reemplazo (*replacement*) de la parte, a favor de la cual o en contra de la cual, descansa la razón de pedir (causa de acción). Así, por ejemplo, después de haberse presentado una acción contra un empleado, donde se alega que durante el curso ordinario de su empleo ha causado daños al demandante en la acción, el demandante puede descubrir la conveniencia de demandar al patrono, en adición o en lugar de su empleado. Si el patrono debe o no debe ser incluído junto a su empleado, o debe ser demandado en lugar de su empleado, es una cuestión de enmienda y no de substitución. La importancia vital de la distinción, estriba, desde luego en que, (1), en la substitución, la parte substituída, en todo, excepto en el nombre, ocupa la misma posición con relación a la causa de acción que se continúa contra él, mientras que en la enmienda, la causa de acción, en todo lo que a la nueva parte se refiere, puede ser una nueva causa de acción y (2) el poder discrecional del tribunal en materia de substitución de partes

no es tan importante como lo es, cuando se trata de una enmienda, pues en esta última categoría, puede ser difícil determinar en cuanto a si la enmienda esencialmente crea una nueva causa de acción entre las partes": 4 Moore's Federal Practice 512 y 513 (ed. citada).

 Resolviendo el problema desde el punto de vista de la substitución de parte por cesión de interés, tenemos que quedar convencidos que la parte realmente interesada continúe siendo la misma, bien se le considere con relación a la cosa litigiosa o con relación a las personas envueltas en el litigio. Estamos conformes que la causa de acción con relación a la cosa litigiosa permanece inalterada. Pero no podemos estar conformes que con relación a las personas envueltas en el litigio resulte lo mismo. Desde el punto de vista de la substitución de parte, la parte substituída viene por lo general, en representación, casi siempre declarada por ley, de la parte originalmente incluída. Así el heredero substituye al causante, el tutor al incapacitado, el sucesor al anterior titular de un cargo público, el fideicomisario judicial (*trustee*) a su deudor. Por eso cuando se trata de una cesión de interés sobre la cosa litigiosa, siguiendo el principio de la representación de la parte realmente interesada la substitución tiene que hacerse después de haberse radicado la acción por la parte realmente interesada, para que el cesionario pueda alegar su condición de parte realmente interesada, por substitución, en los resultados del litigio; 4 Moore's Federal Practice 526, nota 1, (ed. citada). La substitución de parte cuando la cesión de interés se hace antes de radicarse la acción no procede: 39 Am. Jur. 970, sec. 100, 135 A.L.R. 344 y 345. La razón es obvia, desde el origen del litigio la parte realmente interesada es el cesionario y no el cedente. No se puede concebir el caso que después de haber cedido todo su derecho en la cosa litigiosa, el cedente resulte la parte realmente interesada en la continuación del mismo, y no siendo la parte realmente interesada, nadie puede substituirse en su nombre, por haber obtenido un interés de alguien, que

desde que comenzó el litigio, no tenía interés alguno en la cuestión litigiosa. El demandante y apelante, racionalizando sobre este particular, nos ha tratado de convencer, que si las cesiones de interés en la cuestión litigiosa se permiten *pendente lite*, lógico es suponer que también se permitan *ante lite*. No cita autoridades que sostengan el punto específicamente. Por nuestra parte las autoridades que hemos encontrado son, en el sentido, que cuando la cesión de interés se hace antes de radicarse la acción, la substitución de parte no procede.

Resolviendo el problema desde el punto de vista de la enmienda para incluir una parte por otra tenemos que quedar convencidos que la causa de acción continúa siendo la misma, bien se le considere con relación a la cosa litigiosa o con relación a las personas envueltas en el litigio. Puede ser que este sea un caso, donde pudiéramos llegar a la conclusión que la causa de acción continúa siendo la misma con relación a la cosa litigiosa, pero no podríamos llegar a la conclusión que la causa de acción continúa siendo la misma con relación a las personas envueltas en el litigio. Asumiendo, aunque sin resolverlo, que estuviéramos frente a una cosa litigiosa que pudiera ser cedida, es indudable que las partes no se encuentran entre sí, en igual plano de responsabilidad las unas con las otras. El segundo cesionario se ha visto obligado a incluir como partes demandadas tanto al primer cesionario como el cedente. El tercer cesionario como resulta ser la Sociedad Suárez & Carrasco tendría que incluir como partes demandadas al segundo cesionario don Antonio Carrasco, al primer cesionario la Mercantil Fernández & Compañía Incorporada, y al cedente original don Juan Auffant, pues aunque en la demanda original alega don Antonio Carrasco, que la Mercantil Fernández & Compañía Incorporada se comprometió tanto con el señor Auffant como con él, en desalojar el local, razón por la cual él se decidió a comprar los derechos que en el contrato tenía don Juan Auffant, cuando declara ante el ilustrado Juez sentenciador admite, que quien

habló con la gerencia de la Mercantil Fernández & Compañía Incorporada, antes de formarse el contrato, fué don Juan Auffant y no él, por lo tanto, los posibles daños y perjuicios por incumplimiento de la promesa de desalojar, es una responsabilidad de don Juan Auffant con relación a don Antonio Carrasco. Además observamos que la cesión que realiza don Juan Auffant en favor de don Antonio Carrasco comprende "el almacén, el mobiliario de oficina y el uso del teléfono descrito anteriormente y así mismo *cede y traspasa* sin reservas de clase alguna a dicho señor Carrasco Carvajal, *sus derechos de arrendamiento en el local."* (t. 38 y 39). Si esto es así, ¿cómo puede este contrato obligar en alguna forma a don Juan Auffant a entregar el local, si él lo que en realidad de derecho cede, son sus derechos en un arrendamiento contra un subarrendatario? Más aún, la Mercantil Fernández & Compañía Incorporada alega, que el contrato de subarriendo que le hizo el señor Auffant fué bajo la consideración, que de la renta mensual del local se aplicara una parte a satisfacer una deuda, que el señor Auffant tenía con dicha mercantil, y que por lo tanto, tenía derecho a seguir ocupando el local, mientras dicha deuda no quedara saldada. Más todavía, la cesión del contrato a la Sociedad Suárez & Carrasco se hace en pago del capital social de don Antonio Carrasco, y ha debido figurarse bajo un valor numérico intrínseco.

Dudamos mucho que bajo esta situación se pueda alegar que la causa de acción seguiría siendo la misma con relación a las personas envueltas en el litigio. Pero aunque así lo fuera, este Tribunal ha adoptado, desde hace mucho tiempo, la doctrina, que cuando la enmienda a una alegación tenga por objeto traer una parte totalmente distinta a la parte que no tenía o contra la cual no existía una causa de acción originalmente dicha enmienda introduce una nueva causa de acción que debe ventilarse en una acción distinta entre las partes realmente interesadas: *González* v. *White Star Bus Line, Inc.,* 53 D.P.R. 345, (Del Toro), (1938), cita precisa a la pág. 348; *Vere* v. *Corte,* 54 D.P.R. 262, (Del

Toro), 1939, cita precisa a la pág. 267; *Ramón Morán & Cía* v. *Corte*, 55 D.P.R. 637, (Del Toro), (1939), cita precisa a la pág. 644; *Echevarría* v. *Despiau*, 72 D.P.R. 472, (Marrero), cita precisa a la pág. 475.

 En cuanto al segundo error, nos inclinamos a opinar con el ilustrado juez sentenciador, que los posibles derechos del último cesionario a adquirir la posesión del local subarrendado a la Mercantil Fernández & Compañía Incorporada se encuentran bajo las medidas de orden público prescritas por la Ley de Alquileres Razonables.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Sres. Marrero y Pérez Pimentel no intervinieron.