Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ZULMA IRIS MARTÍNEZ TORRES<br><br>**Apelante**<br><br>v.<br><br>SUCESIÓN JORGE MARTÍNEZ RODRÍGUEZ Y OTROS<br><br>**Apelados** | **TA2025AP00535** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Caso Núm.:<br>**CA2020CV1439**<br><br>Sobre:<br><br>**Impugnación o Nulidad de Testamento** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

Comparece ante nos Zulma Iris Martínez Torres, en adelante Zulma Iris o apelante, solicitando que revisemos la "*Sentencia*" notificada por el Tribunal de Primera Instancia, Sala Superior de Carolina, en adelante TPI-Carolina, el 3 de septiembre de 2025. En la misma, el Foro Apelado declaró "*Ha Lugar*" una moción de desestimación presentada por Petra Esther y Jorge Miguel, ambos de apellidos Martínez Torres, en adelante coherederos Martínez Torres o apelados, y, en consecuencia, desestimó la demanda incoada por la apelante.

Por los fundamentos que expondremos a continuación, *confirmamos* la sentencia apelada.

**I.**

El 12 de julio de 2020, la apelante presentó ante el TPI-Carolina una "*Demanda de Impugnación de Testamento*", a los fines de impugnar el testamento de su padre, Jorge Martínez Rodríguez,

del cual fue presuntamente desheredada injustificadamente.[1] En la misma, acumuló como codemandados a sus hermanos, los coherederos Martínez Torres y Daisy Martínez Torres, en adelante Daisy Martínez.

Luego de numerosos incidentes procesales, el 27 de octubre de 2023, los coherederos Martínez Torres informaron al Foro Primario del fallecimiento de la codemandada Daisy Martínez.[2] En virtud de esto, el TPI-Carolina emitió una "*Orden*" el 31 de octubre de 2023, mediante la cual, entre otras cosas, le concedió a Zulma Iris un término de treinta (30) días para presentar alguna declaratoria de herederos o testamento de la finada Daisy Martínez para ordenar su correspondiente sustitución en el pleito.[3]

El 29 de noviembre de 2023, la apelante sometió una certificación expedida por la Oficina de Inspección de Notarías, la cual certificaba que constaba un testamento abierto otorgado por Daisy Martínez.[4] No obstante, al día siguiente, los apelados informaron la existencia del caso civil número SJ2023CV10439, para adverar y protocolizar un testamento ológrafo otorgado posteriormente por Daisy Martínez.[5] Ante esto, el TPI-Carolina ordenó que se realizara la sustitución de dicha causante tan pronto culminara dicho procedimiento de adveración y protocolización.[6]

Posteriormente, el 29 de enero de 2024, el TPI-Carolina concedió a Zulma Iris un término de noventa (90) días para presentar la sustitución de parte, en virtud de la adveración materializada mediante la "*Resolución*" emitida el 7 de diciembre de

---

[1] SUMAC TPI, Entrada Núm. 1. Dado el volumen de los trámites procesales del caso, consultamos las entradas correspondientes al SUMAC del TPI en el caso civil CA2020CV01439.
[2] SUMAC TPI, Entrada Núm. 175.
[3] SUMAC TPI, Entrada Núm. 179.
[4] SUMAC TPI, Entrada Núm. 185.
[5] SUMAC TPI, Entrada Núm. 186. Este Foro entiende necesario tomar conocimiento judicial del expediente judicial del caso SJ2023CV10439, sobre adveración y protocolización del testamento ológrafo de la finada Daisy Martínez, lo cual hacemos en virtud de la Regla 201 de Evidencia, 32 LPRA Ap. VI, R. 201
[6] SUMAC TPI, Entrada Núm. 187.

2024 en el caso SJ2023CV10439.[7] Además, dispuso el Foro Apelado que la apelante tendría que emplazar a las partes en el referido término y le apercibió que, de no sustituirse, podría desestimar la demanda, sin perjuicio.

Mediante moción fechada el 29 de abril de 2024, Zulma Iris solicitó la debida sustitución de la finada Daisy Martínez por sus presuntos herederos testamentarios, los coherederos Martínez Torres junto a Carlos Alfonso Carle Martínez t/c/c Carlos A. Alfonso Martínez, en adelante Carle Martínez, así como por Petra J. Torres Sánchez como posible parte indispensable.[8] Sobre Carle Martínez, la apelante informó que este *presumiblemente residía en el estado de Massachusetts de los Estados Unidos de América*, en adelante Massachusetts, pero que presumiblemente tenía la misma dirección postal que los coherederos apelados, *siendo esta una de Puerto Rico.*

No obstante, el 30 de abril de 2024, el TPI-Carolina notificó la denegatoria de la sustitución solicitada debido a que no se había presentado la Escritura del Testamento Ológrafo de la finada Daisy Martínez,[9] el que fue presentado posteriormente por la apelante mediante moción fechada el 5 de mayo de 2024.[10] En consecuencia, el Foro Primario autorizó y ordenó la sustitución según solicitada.[11] Así las cosas, el 20 de mayo de 2024, la apelante Zulma Iris presentó su *"Demanda Enmendada de Impugnación de Testamento"*.[12]

En la misma fecha, la apelante solicitó el emplazamiento por edicto de Carle Martínez.[13] Sin embargo, tal solicitud fue sometida solamente junto a un proyecto de orden y otro de emplazamiento

---

[7] SUMAC TPI, Entrada Núm. 190.
[8] SUMAC TPI, Entrada Núm. 209.
[9] SUMAC TPI, Entrada Núm. 210.
[10] SUMAC TPI, Entrada Núm. 211.
[11] SUMAC TPI, Entrada Núm. 212.
[12] SUMAC TPI, Entrada Núm. 215.
[13] SUMAC TPI, Entrada Núm. 216.

por edicto sin distinguir al codemandado a quien sería dirigido. No empece a esto, el TPI-Carolina expidió el mismo el 22 de mayo de 2024.[14]

No obstante, en esta última fecha, el Foro Primario notificó otra "*Orden*" mediante la cual concedió un término de veinticuatro (24) horas para que la apelante sometiera un nuevo proyecto de emplazamiento dirigido de manera particular al único codemandado autorizado a ser emplazado mediante edictos, a saber, Carle Martínez.[15] Tal proyecto fue presentado el mismo día,[16] expidiéndose el 23 de mayo de 2024.[17]

Así las cosas, el 2 de junio de 2024, la apelante Zulma Iris presentó una "*Moción en Cumplimiento de las Reglas 4.6 y 4.7 de las de Procedimiento Civil de 2009, según Vigentes*".[18] En la misma sometió varios documentos para acreditar que el edicto de emplazamiento fue publicado el 29 de mayo de 2024 en el periódico de circulación general *El Nuevo Día*, y que el 30 de mayo de 2024 le envió a Carle Martínez la copia de la demanda original y de la demanda enmendada junto con sus anejos, y la copia del emplazamiento por edicto publicado.

El 13 de septiembre de 2024, Zulma Iris informó las gestiones realizadas para emplazar a los coherederos demandados.[19] En lo pertinente, reiteró que el codemandado Carle Martínez fue debidamente emplazado por edicto el 29 de mayo de 2024, y notificado el 30 de mayo de 2024 mediante correo certificado, enviado a la última dirección postal conocida, a saber, *P.O. Box 367082, San Juan, P.R. 00936-7082.* Además, sometió un sobre manila diligenciado por el servicio postal a la referida

---

[14] SUMAC TPI, Entrada Núm. 223.
[15] SUMAC TPI, Entrada Núm. 224.
[16] SUMAC TPI, Entrada Núm. 225.
[17] SUMAC TPI, Entrada Núm. 228.
[18] SUMAC TPI, Entrada Núm. 234.
[19] SUMAC TPI, Entrada Núm. 243.

dirección, el cual fue devuelto al remitente con la palabra "*Unclaimed*", por no haber sido reclamado por el destinatario.

Por su parte, el 25 de septiembre de 2024, los coherederos Martínez Torres presentaron una "*Moción de Desestimación por Insuficiencia de Emplazamiento y Dejar de Incluir Parte Indispensable*".[20] En esencia, adujeron que la apelante nunca informó las gestiones realizadas para conseguir la dirección de Carle Martínez, quien reside en Massachusetts, ni solicitó la expedición del emplazamiento por edicto conforme a lo establecido por la Regla 4.6 de Procedimiento Civil, *supra.* Por tal razón, arguyeron que el emplazamiento de dicho codemandado fue insuficiente y contrario a derecho, de manera que este nunca fue acumulado como parte indispensable dentro del término jurisdiccional para diligenciar el emplazamiento.

En consecuencia, el 16 de octubre de 2024, Zulma Iris expresó su posición en cuanto a la moción de desestimación presentada por los apelados.[21] En lo pertinente, afirmó que el emplazamiento por edicto a Carle Martínez fue expedido el 23 de mayo de 2024, y reiteró las fechas de publicación y notificación del mismo. Sostuvo que la notificación se envió mediante correo certificado a la última dirección postal conocida, sita en Puerto Rico, luego de presuntamente corroborar la misma por medio de varios documentos judiciales.[22] Por lo tanto, adujo que cumplió con lo dispuesto en las Reglas 4.5 y 4.6 de Procedimiento Civil, supra.

---

[20] SUMAC TPI, Entrada Núm. 244.

[21] SUMAC TPI, Entrada Núm. 247.

[22] La apelante plasmó como sus fuentes las siguientes: "(i) Documento titulado Petición de Adveración y Protocolización de Testamento Ológrafo presentada ante el TPI de San Juan por la Lcda. Margaret Ramírez Báez en el Caso Civil Número SJ2023CV10439, el día 6 de noviembre de 2023; (ii) Transcripción de la Vista de Adveración y Protocolización del Testamento Ológrafo de la Finada Daisy Martínez Torres del día 4 de diciembre de 2023, la cual obra en autos [Entrada 211]; (iii) Resolución del Honorable Tribunal de Apelaciones emitida el día 20 de enero de 2021 en el caso Núm KLCE202100007 [...]"

Ante esto, el 2 de septiembre de 2025, notificada el 3 de septiembre de 2025, el TPI-Carolina emitió la "*Sentencia*" objeto de revisión en el presente recurso.[23] En la misma, el Foro Primario concluyó que el emplazamiento por edicto dirigido a Carle Martínez **no** se perfeccionó conforme a derecho, y por lo tanto fue nulo, de manera que el tribunal nunca adquirió jurisdicción sobre su persona. Por lo tanto, el Foro Apelado declaró "*Ha Lugar*" la moción de desestimación presentada por lo coherederos Martínez Torres y, en consecuencia, desestimó la demanda presentada por la apelante por falta de acumulación de parte indispensable, al amparo de la Regla 10.2 de Procedimiento Civil.

En desacuerdo, el 18 de septiembre de 2025, Zulma Iris presentó oportunamente una moción de reconsideración.[24] Por su parte, los coherederos Martínez Torres presentaron su correspondiente oposición mediante moción fechada el 9 de octubre de 2025.[25] Con el beneficio de ambos escritos, el TPI-Carolina emitió una "*Resolución Interlocutoria*", mediante la cual declaró "*No Ha Lugar*" la moción de reconsideración ante su consideración.

Aún inconforme con el proceder del Foro Primario, el 10 de noviembre de 2025, la apelante compareció ante nos mediante un recurso de apelación, y expuso el siguiente señalamiento de error:

> **ERRÓ EL HONORABLE TPI AL DETERMINAR COMO UN HECHO YA ESTABLECIDO QUE EL EMPLAZAMIENTO POR EDICTO REALIZADO A LA PERSONA DEL DEMANDADO CARLOS A. CARLE MARTÍNEZ EL DÍA 29 DE MAYO DE 2024 FUE INSUFICIENTE Y POR ENDE NULO.**

Mediante "*Resolución*" del 13 de noviembre de 2025, concedimos a los apelados hasta el 10 de diciembre de 2025 para presentar su escrito en cuanto al recurso presentado, conforme a

---

[23] SUMAC TPI, Entrada Núm. 253.
[24] SUMAC TPI, Entrada Núm. 254.
[25] SUMAC TPI, Entrada Núm. 256.

lo dispuesto en la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 36, 215 DPR ___ (2025). Finalmente, el 9 de diciembre de 2025, los herederos Martínez Torres presentaron su correspondiente oposición al recurso de la apelante.

Con la comparecencia de ambas partes, procedemos a resolver.

**II.**

### A. Apelación Civil

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias, sentencia, reconsideración, *apelación*) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel "que se presenta ante el foro apelativo intermedio cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Tribunal de Primera Instancia". *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019); Regla 52.1 y 52.2 de Procedimiento Civil, supra. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *Apelación* no es un recurso discrecional como en los casos de *certiorari.* Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones

viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).

### B. Emplazamiento

El emplazamiento constituye el mecanismo procesal que viabiliza el ejercicio de la jurisdicción dentro de nuestro sistema judicial. *SLG Rivera Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021); *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 467 (2017). Mediante este instrumento, el Tribunal adquiere jurisdicción sobre la persona que esté siendo demandada, quedando esta última obligada por el dictamen que finalmente se emita. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481, 487-488 (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620-621 (2022); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021); *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018). Por un lado, la finalidad del emplazamiento es notificar a la parte demandada que se ha instado una reclamación judicial en su

contra y, por el otro, garantizarle su derecho a ser oído y a defenderse. *SLG Rivera Pérez v. SLG Díaz-Doe et al., supra*; *Torres Zayas v. Montano Gómez et al., supra*; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005).

De otra parte, sirve como medio para que los tribunales adquieran jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita. *Bernier González v. Rodríguez Becerra*, supra, pág. 637.

El adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, *por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata. Banco Popular v. S.L.G. Negrón,* supra; *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004) (Énfasis nuestro). Esto pues, una sentencia dictada contra una parte que no fue emplazada o notificada conforme a derecho resulta inválida e imposible de ejecutar, pues nos encontramos ante un caso de nulidad radical por imperativo constitucional. *Torres Zayas v. Montano Gómez et al.*, supra, pág. 469.

Aunque el diligenciamiento personal del emplazamiento es el método más idóneo para adquirir jurisdicción sobre la persona, por vía de excepción, las Reglas de Procedimiento Civil autorizan emplazar por edicto. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982, 987-988 (2020); *Banco Popular v. S.L.G. Negrón,* supra, pág. 865. Así, cuando la persona a ser emplazada no está en Puerto Rico, o estando en Puerto Rico no pueda ser localizada después de realizadas las diligencias pertinentes, procede que su emplazamiento se realice a través de la publicación de un edicto. *Id.*; Regla 4.6 de Procedimiento Civil, supra.

Cónsono con lo anterior, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R.4.6, dispone sobre el emplazamiento por edictos y su publicación como sigue:

> *Cuando la persona a ser emplazada esté fuera de Puerto Rico,* que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal *mediante declaración jurada que exprese dichas diligencias,* y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de un algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.
>
> (Énfasis nuestro).

Pertinente al recurso objeto de revisión, es norma firme el que se presente ante el tribunal una declaración jurada que exprese las diligencias efectuadas para localizar al demandado, previo a solicitar la autorización para efectuar el emplazamiento mediante edictos. *Sánchez Ruiz v. Higuera Pérez*, supra, págs. 987-988; *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993). Al evaluar la suficiencia de tales diligencias, el tribunal debe considerar todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado, y si estos se agotaron razonablemente en dicha encomienda, *lo cual es exigible bajo la Regla 4.6 de Procedimiento Civil cuando este se encuentra fuera de Puerto Rico y se ignora su dirección y su paradero. Sánchez Ruiz v. Higuera Pérez*, supra, págs. 988-989. (Énfasis nuestro). Véase, además, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356.

Después de todo, nos explica el Tribunal Supremo, a través del tratadista Rafael Hernández Colón, lo siguiente:

> Al exponer que el demandado se encuentra fuera de Puerto Rico o que se oculta, es necesario explicar detalladamente de dónde surge el conocimiento del demandante sobre los hechos y hay que expresar con exactitud todas las gestiones que se hayan realizado para localizar al demandado. Es decir, no se pueden alegar conclusiones; hay que presentar los hechos que llevan a esas conclusiones. R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, págs. 269–270.

*Sánchez Ruiz v. Higuera Pérez*, supra, pág. 989.

Ahora bien, una vez se haya autorizado el edicto por el tribunal, el demandante procurará su publicación en un periódico de circulación general de la Isla de Puerto Rico. Luego –dentro de los diez (10) días siguientes a la publicación– enviará a la parte demandada, por correo certificado con acuse de recibo a la última dirección conocida, una copia del emplazamiento y la demanda presentada. *Banco Popular v. S.L.G. Negrón*, supra, pág. 865-866.

Sobre la dirección a la que debe efectuarse el envío, nuestro Tribunal Supremo nos recuerda que el criterio rector es que dicha dirección tiene que ser una "que esté razonablemente calculada, dentro de las circunstancias particulares del caso, para darle aviso a la parte contraria de la reclamación que se ha presentado en su contra". *Rivera v. Jaume*, 157 DPR 562, 577 (2002). Es decir, para el cumplimiento de este requisito, se exige que el envío de la notificación de la demanda y del emplazamiento se efectúe a una dirección *dentro del último lugar de residencia del demandado*, ya sea postal o residencial, *a la cual este será razonablemente informado de la reclamación en su contra. Rivera v. Jaume*, supra, pág. 578.

Después de todo, el debido proceso de ley exige que la dirección provista pertenezca o haya pertenecido a la parte con

derecho a ser notificada, de manera que la notificación no sea enviada a cualquier dirección, sino a la dirección correcta. *Román Ortiz v. OGPe*, 203 DPR 947, 959 (2020); *Rivera v. Jaume*, supra, págs. 582-583; *Ortíz v. A.R.Pe*, 146 DPR 720, 724 (1998). Así, cuando la dirección de envío se ha puesto en duda, se utiliza el criterio de *la dirección razonablemente calculada* para auscultar si, conforme a la información conocida por el demandante, esta es una adecuada conforme a las particularidades del caso. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 561 (2023); *Román v. OGPe,* supra, pág. 963.

### C. Sustitución y Acumulación de Parte Indispensable

La sustitución de parte *por muerte* se rige por la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1. La misma dispone que cuando una parte fallece previo a la resolución de una acción, el Tribunal, a solicitud presentada dentro de los noventa (90) días siguientes a la fecha de dicha notificación del deceso, ordenará la sustitución de la parte fallecida por las partes que correspondan en derecho. "La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito". *Íd*. Véase, además, *Blassino, Reyes v. Reyes Blassino et al.,* 214 DPR 823, 837 (2024).

Por otro lado, el Tribunal Supremo ha expresado que una sucesión, como tal, no tiene personalidad jurídica independiente de los miembros que la componen. Así, para que la sucesión pueda demandar o pueda sustituir a un demandante fallecido, es necesario que se traiga al pleito a cada uno de sus miembros. *Vilanova et al. v. Vilanova et al.,* 184 DPR 824, 839-840 (2012).

El propósito de la Regla 22.1 de Procedimiento Civil, supra, es establecer un mecanismo procesal mediante el cual un pleito pueda continuar a favor o en contra de la parte realmente interesada, no empece al fallecimiento de una de las partes.

*Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 684-685 (1989). De este modo, se atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita, evitando el perjuicio que la dilación pudiera ocasionar a las partes. Regla 1 de las de Procedimiento Civil, *supra.*

Además, nuestro más Alto Foro ha puntualizado que la parte sustituta en un pleito ocupa la misma posición en relación a la causa de acción que ocupaba la parte sustituida. *Vilanova v. Vilanova,* supra, págs. 838-839; *Lluch v. España Service Station,* 117 DPR 729,750 (1986). De esta manera, la causa de acción con relación a la cosa litigiosa permanece inalterada. *Vilanova v. Vilanova,* supra, pág. 895; *Carrasco v. Auffant,* 77 DPR 156, 160-161 (1954).

La moción sobre sustitución de parte deberá notificarse a las partes ya incluidas en el pleito en la forma dispuesta en la Regla 67 de las de Procedimiento Civil, *supra.* Sin embargo, para sustituir a una parte por otra que no está en el pleito, será necesario adquirir jurisdicción *in personam* sobre el sustituto. En este caso habrá que emplazarle y notificarle de la solicitud de sustitución de partes de acuerdo con lo dispuesto en la Regla 4 de Procedimiento Civil, *supra,* sobre emplazamiento. Claro está, si la nueva parte comparece voluntariamente y realiza algún acto sustancial que la constituya en parte en el pleito, se somete a la jurisdicción del tribunal y esto hace innecesario el trámite de notificación y emplazamiento de la Regla 4, supra. *Vázquez v. López,* 160 DPR 714, 720-721 (2003); *Claudio v. Casillas Mojica,* 100 DPR 761, 773 (1972).

Por su parte, la Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula lo relacionado a la acumulación de partes. En específico, dispone que "[l]as personas que tengan un interés común *sin cuya presencia no pueda adjudicarse la controversia,* se

harán partes y se acumularán como demandantes o demandadas, según corresponda". (Énfasis suplido). *Oriental Bank v. Pagán Acosta et al.*, 2024 TSPR 133, 215 DPR ___ (2024); *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109, 1120 (2024); *Pérez Ríos et al. v. CPE*, 213 DPR 203, 213 (2023); *FCPR v. ELA et al.,* 211 DPR 521, 530 (2023).

Una parte es indispensable cuando la controversia no puede adjudicarse sin su presencia *ya que sus derechos se verían afectados. Inmob. Baleares et al. v. Benabe et al.,* supra; *FCPR v. ELA et al.,* supra, págs. 530-531; *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 463 (2019); *López García v. López García,* 200 DPR 50, 63 (2018). La misma alude a una parte cuyo interés en la causa de acción es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *Pérez Ríos v. et al. v. CPE*, supra, pág. 213; *López García v. López García,* 200 DPR 50, 64 (2018); *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014); *García Colón et al. v. Sucn. González,* 178 DPR 527, 548 (2010).

El alcance de la Regla 16.1, supra, forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley y la necesidad de que el dictamen judicial que en su día se emita sea uno completo. *Oriental Bank v. Pagán Acosta et al.*, supra; *Pérez Ríos et al. v. CPE,* supra; *RPR & BJJ Ex Parte,* 207 DPR 389, 407 (2021); *López García v. López García*, supra, pág. 63. Es por esto que, ante la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia. *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005).

Por otro lado, el Tribunal Supremo de Puerto Rico ha expresado que, a la hora de determinar si la presencia de una parte es indispensable para adjudicar una controversia, se debe

analizar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Inmob. Baleares v. Benabe et al.*, supra; *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012). Cabe precisar que la falta de parte indispensable es un planteamiento tan vital, que se puede presentar en cualquier momento, incluyendo presentarlo por primera vez en apelación, o que el mismo se plantee *motu proprio* por el tribunal. *Oriental Bank v. Pagán Acosta et al.*, supra; *Pérez Ríos v. CPE,* supra, pág. 213; *RPR & BJJ Ex Parte,* supra, pág. 407.

Además, es harto conocido que una sentencia se considera nula, cuando se dicta sin incluir a una parte indispensable. *Oriental Bank v. Pagán Acosta et. al.,* supra; *Pérez Ríos v. CPE,* supra, pág. 214; *García Colón et al. v. Sucn. González,* supra, 550.

### D. Desestimación

La Regla 10.2 de Procedimiento Civil, supra, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR __ (2025); *Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135, 1149 (2024); *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234 (2016). Esta, dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; *(3) insuficiencia del emplazamiento*; *(4) insuficiencia del diligenciamiento del emplazamiento*; (5) dejar de exponer una reclamación que justifique la concesión de un remedio y; **(6) dejar de acumular una parte indispensable**. *Rodríguez Vázquez et als. v. Hosp. Auxilio Mutuo,* 2025 TSPR 55, 215 DPR ___ (2025); *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares, et al. v. Benabe et al.*, supra, pág. 1128; *Rivera, Lozada v. Universal,* 214 DPR 1007, 1023 (2024); *Blassino, Reyes v. Reyes Blassino*, supra,

pág. 833; *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, supra, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez et al. v. Colón Peña et al.*, supra, pág. 1150; *Inmob. Baleares, et al. v. Benabe et al.*, supra, págs. 1128-1129; *Rivera, Lozada v. Universal*, supra; *Blassino, Reyes v. Reyes Blassino*, supra, págs. 833-834; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Cobra Acquisition v. Mun. Yabucoa et. al.,* 210 DPR 384, 396 (2022); *Bonnelly Sagrado et al. v. United Surety*, 207 DPR 715, 722 (2021). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales et al. v. Asoc. Propietarios*, 214 DPR 284, 291 (2024); *Inmob. Baleares, et al. v. Benabe et al.*, supra; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, supra.

Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *Díaz Vázquez et al. v. Colón Peña et al.*, supra; *Inmob. Baleares, et al. v. Benabe et al.*, supra*; Cobra Acquisition v. Mun. Yabucoa et. al.,* supra, pág. 398*; López García v. López García*, supra, pág. 70.

### III.

La apelante recurre ante esta Curia *haciendo un único señalamiento de error*. En síntesis, nos solicita que dejemos sin efectos el dictamen apelado, pues aduce que la determinación de

insuficiencia de emplazamiento por edicto contradice la prueba documental que obra en el expediente judicial. Aunque sostiene como hecho indubitado que Carle Martínez residía fuera de Puerto Rico al momento de diligenciar el emplazamiento, arguye que el Foro Primario tuvo toda la prueba necesaria para auscultar que la dirección postal de Puerto Rico, según utilizada, era la que tenía Carle Martínez al momento de solicitar el emplazamiento por edicto, en ausencia de una dirección física.

Como reseñáramos previamente, cuando los miembros de una sucesión no se someten voluntariamente a la jurisdicción de un tribunal, recae en la parte demandante movilizar la debida sustitución de parte, y luego proceder con su emplazamiento conforme a la normativa procesal vigente. Si uno de sus miembros residiera fuera de Puerto Rico, procede que su emplazamiento se efectúe conforme a los requisitos dispuestos en la Regla 4.6 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa, cuyo incumplimiento propende a la desestimación del pleito.

La precitada Regla procesal dispone que, cuando un demandado reside fuera de Puerto Rico y se ignora su dirección y su paradero, *el demandante tiene que someter una declaración jurada que exprese de donde surja el conocimiento sobre tal hecho, así como las diligencias realizadas para localizar al demandado, a base de los recursos que tenga a su disposición.* Una vez expedido y publicado, tal edicto debe ser notificado mediante su envío por correo certificado junto con una copia de la demanda, a la última dirección conocida por el demandante, ya sea postal o física, siempre que sea una que se encuentre *dentro del último lugar de residencia del demandado* a quien se intenta emplazar.

En el caso ante nos, el codemandado Carle Martínez fue válidamente instituido como heredero testamentario de la finada Daisy Martínez, quien a su vez era heredera testamentaria del

causante Jorge Martínez Rodríguez, cuyo testamento es objeto de controversia en el caso de marras. Por lo tanto, no cabe duda de que tal controversia no podría adjudicarse sin la presencia de Carle Martínez, como miembro de la sucesión de Daisy Martínez. Es decir, *dicho codemandado era parte indispensable* y, como tal, debía ser sustituido y emplazado conforme a derecho.

Luego de un minucioso examen del expediente ante nuestra consideración, surge que la apelante solicitó la sustitución de dicho codemandado el 29 de abril de 2024, e informó que presumía que este tenía su lugar de residencia en el estado de Massachusetts, es decir, fuera de Puerto Rico. No obstante, informó que este compartía, presumiblemente, una dirección postal de Puerto Rico con los coherederos Martínez Torres.

Veintiún (21) días después, aun cuando se comprometió a corroborar dicha información, la apelante procedió a solicitar su emplazamiento por edicto sin someter alguna declaración o algún documento que acreditara la dirección física o postal del estado en el cual dicho codemandado residía. Es decir, la apelante solicitó el emplazamiento por edictos ignorando tanto la dirección como el paradero de Carle Martínez. Ante tal situación, la apelante tenía la obligación de acreditar de donde surgía tal información y las gestiones realizadas para conseguir la información requerida para satisfacer las exigencias de la Regla 4.6 de Procedimiento Civil. Tal requisito era imperativo previo a solicitar el emplazamiento mediante edicto.

Ahora bien, en un asunto más preocupante, no empece al patente incumplimiento, el Foro Primario expidió el emplazamiento según solicitado, el cual la apelante publicó y notificó dentro de los términos dispuestos en la precitada Regla procesal. Sin embargo, aun admitiendo que el codemandado Carle Martínez residía indubitada y específicamente en Massachusetts, la apelante Zulma

Martínez obstinadamente remitió la notificación con copia del emplazamiento por edicto y la copia de su demanda a una dirección postal sita en Puerto Rico. No hallamos base para concluir que esta última dirección era una adecuada, máxime cuando no se desprende que este haya vivido en momento alguno en Puerto Rico.

A todas luces, siendo Massachusetts el último lugar de residencia *evidentemente conocido por la apelante*, la dirección postal utilizada no fue, ni es, una razonablemente calculada para que Carle Martínez quedara debidamente notificado de la acción que pesa en su contra. La apelante debía, como mínimo, hacer las diligencias pertinentes para dar con alguna dirección contenida en la jurisdicción del Estado en el cual dicho codemandado reside, las cuales debieron y pudieron extenderse más allá de los pocos documentos judiciales que se limitó a revisar.

Después de todo, surge que la notificación enviada a la dirección postal de Puerto Rico fue devuelta por el servicio postal por no haber sido reclamada por destinatario alguno.[26] Tal como fue el caso para esta Curia, dicho acontecimiento debió arrojarle serias dudas a la apelante Zulma Iris sobre la corrección de la dirección utilizada y si, en efecto, esta pertenecía a Carle Martínez. *Colón Vega v. Díaz Lebrón*, supra, pág. 561; *Rivera v. Jaume*, supra, págs. 582-583.

Ante lo antes expuesto, opinamos que la dirección utilizada por la apelante para notificar a Carle Martínez de la acción que pesa en su contra no era una razonablemente calculada, y como tal, era inadecuada para notificarle conforme a las exigencias de la Regla 4.6, *supra*, y su jurisprudencia interpretativa. Por lo tanto, este Tribunal no puede sino concluir que el codemandado Carle

---

[26] *Véase* SUMAC TPI, Entrada Núm. 243, Anejos 1 y 2.

Martínez no fue emplazado conforme a derecho, lo que tornó el mismo en uno insuficiente.

De esta manera, al no haberse perfeccionado correctamente el emplazamiento, dicho codemandado nunca fue acumulado como parte indispensable, lo que vició de nulidad radical los procedimientos ante el Foro Primario. Ante esto, concluimos que el Foro Apelado actuó correctamente al desestimar la demanda incoada por la apelante Zulma Iris, luego de declarar nulo el emplazamiento en cuestión, por lo *que no cometió el error señalado.*

**IV.**

Por los fundamentos que anteceden, *confirmamos* la "*Sentencia*" apelada, en su totalidad.

El Juez Sánchez Ramos concurre sin opinión escrita.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones